Brinkerhoff, J.
This is a petition, filed October 27,1858, in the common pleas of Clermont county, by the plaintiff, as surviving, partner of James Reynolds & Co., against Thomas Morris and John Jolliffe, to establish and enforce an implied trust, in favor of plaintiff’s firm, in an undivided half of a tract of twenty-two acres of land, described in the petition, *the legal title to a part of which is vested in the defendant, Morris, and the remaining part in the defendant, Jolliffe, who is alleged to be a purchaser from Morris with notice of the trust.
The case was submitted to that court on the pleadings, exhibits, and testimony; and a decree having been rendered there, an appeal was taken to the district court, which reserved the case for decision by this court.
The ease turns on a single matter of fact and a single point of law arising thereon, and it is unnecessary to give a detailed statement of the pleadings. It is enough to say that the defendants deny the existence of the trust alleged, and of any trust in favor of the plaintiff’s firm.
The facts of the case, as they are shown by the pleadings, exhibits, and testimony, are, in substance, these:
In December, 1823, the plaintiff’s firm were the creditors and holders of the negotiable promissory note of one Andrew Megrue, Sen., the amount and terms of which are specified hereafter. The defendant, Morris, was not an attorney at law; and the pecuniary circumstances of said Megrue were such as to render the prospect of collecting the note problematical, if not desperate. For the purposes of collection, the plaintiff’s firm indorsed the note to Morris, and took from him a receipt therefor as follows:
“ Cincinnati, December 31,1823.
“Received of James Reynolds & Co., a note of hand, drawn by Andrew Megrue, Sen., in their favor, for three hundred and fifty-one dollars and seven cents, thirty days aiter date, with interest, dated the 10th of May, 1823, the amount of which I promise to collect for them, or return the note.
(Signed,) “ Thomas Morris.”
Soon after the date of this receipt, Andrew Megrue, Sen., the maker of the note, died intestate, seized of the twenty-two acres of land described in ths petition, and leaving some half dozen children his heirs at law. His son, Jonathan Megrue, was appointed *472 his administrator; but it does not anywhere appear that the intestate loft any personal assets; that any order for the sale of his real estate for the payment of his *debts was over applied for or obtained, or that any settlement of his estate by the administrator with the court, then exercising jurisdiction in matters of probate, was ever made.
Morris brought suit on the note against the administrator of the maker, and at the August term of the Clermont common pleas, 1826, recovered judgment for $419.64. The judgment having become dormant, it was, in 1837, revived by scire facias; execution issued thereon, levy made on the aforesaid twenty-two acres of land, which was appraised, advertised, and sold at sheriff’s sale, Morris being the purchaser at the sum of $595.50 ; this sale was confirmed by the court, and a deed by the sheriff to Morris therefor was executed in January, 1838.'
Afterward, it having been ascertained that this sale of lands of which the intestate died seized, under a judgment and execution against his administrator, was unauthorized by law, and of no effect to transfer any title to the purchaser; and Morris having in some way become the holder and owner of another note of hand given by the intestate in his lifetime to one Brown, for the sum of about two hundred dollars, and on which his son and administrator, Jonathan Megrue, was surety, an arrangement was entered into between Morris, of the one part, and Jonathan Megrue, administrator, and one of the heirs of his father, of the other, that Morris would deliver up to Jonathan Megrue the note to Brown on which he was surety, in consideration of which, and of the satisfaction of the judgment in favor of Morris on the note to Reynolds & Co., Jonathan Megrue would procure releases to himself from his coheirs for their interest in the twenty-two acres of land, and then convey the same to Morris. This arrangement was substantially carried out. Morris delivered up to Johathan Megrue the Brown note, and the Reynolds judgment was ever afterward treated as satisfied; and Jonathan obtained from his co-heirs gratuitous releases to him of their interest in the twenty-two acres of land, and conveyed the same to Morris by deed, dated March 19, 1839.
Morris was at considerable expense for the employment of counsel in his suit on the Reynolds note and 'otherwise, the amount of which is uncertain, and no agreement was ever *made between the parties fixing the amount which he was to receive for *473 bis own personal services in his efforts to collect that note. Nothing has ever been paid or offered to Morris in the way of reimbursement for his expenses, or as compensation for his personal services.
The plaintiff claims that, in the arrangement between Morris and ■Jonathan Megrue for the conveyance of the land by the latter to the former, the satisfaction of the judgment on the Reynolds note constituted one-half, and the giving up of the Brown' note the other half, of the considération for that conveyance. Let this be taken ■for granted, in order to present the case with features as strong in favor of the plaintiff as, with any show of reason, it can be claimed.
How, then, stands the case ?
The judgment on the Reynolds note constituted the one-half, and the Brown note the other half, of the consideration for the conveyance of the twenty-two acres of. land by Megrue to Morris. The plaintiff claims that, as surviving partner of Reynolds & Co., he was owner in equity of this judgment; that his firm having furnished the one-half of the consideration for the purchase, of this land, a resulting or implied trust arises in his favor to the extent which his interest contributed to its purchase; and that in equity one-half of the land belongs to him. And, indeed, the principle is indisputable, that where an agent has funds of his principal and invests them in land, the presumption is that the purchase was for the benefit of the principal; and equity will, in general, regard the agent as holding the legal title in trust for the principal. But it is also well established, that this doctrine does not apply unless the party seeking to establish and enforce the trust, has furnished either the whole or- some aliquot and definitely ascertainable part of the purchase money of the land. Brown on Frauds, sec. 86, and cases there cited.
Now the plaintiff avers and contends that the satisfaction of the judgment on the Reynolds note constituted the one-half of the consideration for the conveyance of this land by Megrue to Morris. And here arises the question : Did Reynolds & Co. own the whole of this judgment ? And, if not, how much of it did they own ? In law, Morris was the owner of *the judgment. ' The note -on which it was recovered was negotiable; it was indorsed to him; and the judgment was recovered and stood in his name. Reynolds & Co., in the person of their surviving partner, are here invoking the equitable jurisdiction of the court; and, seeking equity, they ■must do equity. To what extent, then, were they the equitable *474 owners of tbe judgment, at the time it was turned in by Morris, toward payment for the land ? It seems to us clear that they were-the owners of the judgment only to the extent of the amount of the judgment which would remain after Morris had, out of it, been reimbursed for his expenses, and paid the fair value of his services in the endeavor to collect the note. Wade v. Pettibone, 11 Ohio, 61. What was the amount of his expenses, and the fair'value of his services, and of the remainder after deducting them ? Alike from the lapse of time and the nature of the inquiry, no one can tell. A jury, or a master commissioner, might arrive at some more or less distant approximation to it, and that is all. It would be wholly wanting in those elements of certainty and definiteness which are essential to constitute the foundation for a resulting trust in lands. And this disposes of the case.
The plaintiff’s petition will be dismissed at his costs.
Hat, C. X, and White, Welch, and Soott, JX, concurred.